FILED

2026 AUG 31 AM 10: 26

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF TENNESSEE**

**CANDICE D. MCEWEN**

Plaintiff,

v.

**DAVIDSON TRANSIT ORGANIZATION; and**

**NASHVILLE METROPOLITAN TRANSIT AUTHORITY**

**d/b/a WEGO PUBLIC TRANSIT**

**Defendants.**

**COMPLAINT FOR DE NOVO REVIEW UNDER THE**

**NATIONAL TRANSIT SYSTEMS SECURITY ACT**

**6 U.S.C. § 1142**

**ORIGINAL FEDERAL ACTION AFTER EXPIRATION OF THE**

**210-DAY ADMINISTRATIVE WAITING PERIOD**

**6 U.S.C. § 1142(c)(7); 29 C.F.R. § 1982.114**

**JURY DEMAND**

OALJ Case No. 2025-NTS-00008

OSHA Case No. 301053392

Federal Case No.: To Be Assigned 3:26-cv-01245 CH

**Filing Packet:** Complaint; Application to Proceed Without Prepaying Fees or Costs (filed separately); Official JS-44 Civil Cover Sheet (filed separately); and, after federal filing, Notice/Certificate of Service required by 29 C.F.R. § 1982.114(c).

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF TENNESSEE**

**CANDICE D. MCEWEN,** Case No. ______________

Plaintiff,

v.

**DAVIDSON TRANSIT ORGANIZATION; and**

**NASHVILLE METROPOLITAN TRANSIT**

**AUTHORITY**

**d/b/a WEGO PUBLIC TRANSIT,**

Defendants.

**COMPLAINT FOR DE NOVO REVIEW**

**NATIONAL TRANSIT SYSTEMS SECURITY ACT, 6 U.S.C. § 1142**

Plaintiff Candice D. McEwen, proceeding pro se, files this original civil action for de novo review under the National Transit Systems Security Act ("NTSSA"), 6 U.S.C. § 1142, and 29 C.F.R. Part 1982. Plaintiff states as follows:

## I. NATURE OF THE ACTION

1. This is an original federal civil action—not an appeal from, removal of, or transfer of the OALJ proceeding—authorized by 6 U.S.C. § 1142(c)(7) because more than 210 days have passed since

Plaintiff filed her NTSSA retaliation complaint and the Secretary of Labor has not issued a final decision.

2. Plaintiff alleges that Defendants retaliated against her for lawful, good-faith public-transit safety and security reporting, including reporting and responding to a hazardous passenger-safety incident involving a juvenile, concerns regarding emergency/priority communications, and concerns regarding the handling and reporting of that incident.

3. Plaintiff further alleges that, after the protected activity, Defendants subjected her to investigation, administrative leave, loss or reduction of work and compensation, discipline, and termination.

4. Plaintiff seeks de novo adjudication, a jury trial, and all make-whole relief authorized by 6 U.S.C. § 1142(d).

---

Claim: NTSSA WHISTLEBLOWER RETALIATION — 6 U.S.C. § 1142(a) and (b) AUTHORITY TO FILE IT IN FEDERAL COURT: 210-DAY DE NOVO PROVISION — 6 U.S.C. § 1142(c)(7))

## II. EXPRESS STATUTORY AUTHORITY FOR THE NTSSA RETALIATION CLAIM

5. The substantive claim arises under 6 U.S.C. § 1142(a) and (b), which protect employees of covered public-transportation entities from discharge, demotion, suspension, reprimand, or other discrimination because of specified lawful, good-faith public-transportation safety or security activity.

**6 U.S.C. § 1142(b)(1)(A) expressly protects an employee for "reporting a hazardous safety or security condition."**

6. Section 1142(a) also protects specified good-faith reports and information concerning conduct reasonably believed to violate federal law, rule, or regulation relating to public transportation safety or security, when provided to a supervisor or other person with authority to investigate,

discover, or terminate the misconduct, and protects specified participation in proceedings and reporting to governmental authorities.

7. The Department of Labor implementing regulation, 29 C.F.R. § 1982.102, prohibits a covered public transportation agency, contractor, or subcontractor from retaliating against an employee, in whole or in part, because the employee engaged in activity protected by the NTSSA.

8. Plaintiff alleges that her protected safety reporting and related protected conduct contributed to the unfavorable personnel actions challenged in this case.

## III. EXPRESS STATUTORY AUTHORITY FOR FEDERAL COURT AFTER 210 DAYS

9. Congress expressly created a district-court cause of action when the Department of Labor administrative process has not produced a final decision within 210 days and the delay is not due to the employee's bad faith.

10. **6 U.S.C. § 1142(c)(7): if the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint, and the delay is not due to the bad faith of the employee, the employee may bring an ORIGINAL ACTION at law or equity for DE NOVO REVIEW in the appropriate United States district court. The district court has jurisdiction without regard to the amount in controversy, and either party may request a jury trial.**

11. **29 C.F.R. § 1982.114(a): if there is no final order of the Secretary, 210 days have passed since filing of the complaint, and there is no showing of delay due to the complainant's bad faith, the complainant may bring an action at law or equity for DE NOVO REVIEW in the appropriate United States district court; at either party's request, the action shall be tried to a jury.**

12. 10. Plaintiff filed her NTSSA whistleblower-retaliation complaint with OSHA on May 6, 2025. The 210-day administrative waiting period therefore expired on December 2, 2025.

13. 11. No final decision of the Secretary of Labor resolving Plaintiff's NTSSA retaliation claim had been issued by December 2, 2025, and no final decision has been issued as of the filing of this Complaint.

14. 12. The administrative matter remains OALJ Case No. 2025-NTS-00008, and the merits hearing was scheduled for November 20, 2026, further demonstrating that the administrative proceeding remained unresolved long after the 210-day period.

15. 13. Plaintiff alleges that the absence of a final decision within 210 days was not caused by bad faith on her part.

16. 14. Accordingly, the statutory prerequisites for this original de novo action under 6 U.S.C. § 1142(c)(7) and 29 C.F.R. § 1982.114(a) are satisfied.

**IV. SUBJECT-MATTER JURISDICTION**

1. 15. This Court has specific statutory jurisdiction under 6 U.S.C. § 1142(c)(7), which grants an appropriate United States district court jurisdiction over the employee's original de novo action without regard to the amount in controversy.

17. This Court also has federal-question jurisdiction under 28 U.S.C. § 1331 because this action arises under federal law, specifically the NTSSA, 6 U.S.C. § 1142.

18. The Court may award the relief authorized by 6 U.S.C. § 1142(d) and 29 C.F.R. § 1982.114(b).

**V. VENUE**

19. Venue is proper in the United States District Court for the Middle District of Tennessee under 28 U.S.C. § 1391(b)(1) because Defendants reside or are subject to suit in this District and, upon information and belief, both are located in Davidson County, Tennessee.

20. Venue is independently proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this action occurred in Nashville and Davidson County, Tennessee, including Plaintiff's employment, protected safety reporting, administrative leave, investigation, discipline, and termination.

21. The Nashville Division is the appropriate division because Davidson County lies within this Court and the operative events occurred in Nashville/Davidson County.

## VI. PARTIES AND COVERED-ENTITY ALLEGATIONS

22. Plaintiff Candice D. McEwen is an adult individual and former bus operator who worked in Nashville, Tennessee, in the public-transit system operated under the WeGo Public Transit brand.

23. Defendant Davidson Transit Organization ("DTO") is a Tennessee entity that has identified itself as Plaintiff's employer and that provides drivers, maintenance employees, and management or employment functions used in the operation of Nashville's public-transit system. DTO has represented in administrative proceedings that it provides transportation personnel and services in an ongoing relationship with the Metropolitan Transit Authority.

24. Defendant Nashville Metropolitan Transit Authority ("MTA"), doing business as WeGo Public Transit, is the public transportation authority responsible for Nashville's public-transit system and operates under the public-facing WeGo brand.

25. Plaintiff alleges that MTA/WeGo is a covered "public transportation agency" for purposes of the NTSSA and that DTO is a covered contractor, subcontractor, employer, agent, or other covered

participant in the public-transportation operation. Plaintiff pleads these relationships in the alternative as permitted by Federal Rule of Civil Procedure 8(d)(2)-(3), because Defendants themselves dispute or characterize differently the precise employer/contractor relationship.

26. The NTSSA expressly reaches a public transportation agency and its contractors or subcontractors. Plaintiff therefore alleges that the entities responsible for the challenged actions fall within the class of entities governed by 6 U.S.C. § 1142 and 29 C.F.R. Part 1982, regardless of their disputed characterization of which entity was Plaintiff's technical employer.

## VII. ADMINISTRATIVE HISTORY AND EXHAUSTION

27. On May 6, 2025, Plaintiff filed an NTSSA whistleblower-retaliation complaint with the United States Department of Labor, Occupational Safety and Health Administration ("OSHA").
28. OSHA assigned the complaint Case No. 301053392.
29. OSHA investigated the complaint under 6 U.S.C. § 1142 and 29 C.F.R. Part 1982.
30. After OSHA issued its determination, Plaintiff timely objected and requested a hearing before the Department of Labor Office of Administrative Law Judges.
31. The OALJ docketed the matter as McEwen v. Davidson Transit Organization, OALJ Case No. 2025-NTS-00008.
32. Plaintiff participated in the administrative process, including pleadings, disclosures, discovery, and compliance with OALJ orders.
33. On December 17, 2025, the OALJ issued a Notice of Hearing and Pre-Hearing Order setting a merits hearing for November 20, 2026.
34. No final decision of the Secretary of Labor has resolved Plaintiff's NTSSA retaliation claim.

35. Because more than 210 days passed without a final decision and the delay was not due to Plaintiff's bad faith, Plaintiff now elects the district-court remedy created by 6 U.S.C. § 1142(c)(7).

## VIII. FACTUAL ALLEGATIONS

36. Plaintiff worked as a bus operator in Nashville's public-transit system.

37. During her employment, Plaintiff made and participated in good-faith safety and security reports concerning public-transit operations and passenger safety.

38. On April 25, 2025, a serious passenger-safety incident occurred aboard the bus Plaintiff was operating involving a juvenile passenger and an adult passenger.

39. Plaintiff utilized or attempted to utilize the vehicle's priority/emergency communications procedure and took actions she believed necessary to protect passengers and obtain assistance.

40. Plaintiff thereafter raised concerns about the adequacy of the response, emergency communications, safety procedures, and the handling and reporting of the incident.

41. Plaintiff reasonably believed her reports concerned hazardous public-transportation safety or security conditions and compliance with applicable safety obligations.

42. Plaintiff communicated these concerns to supervisory personnel and/or other persons with MTA PersonneL - (Anthony Jones - supervisor) authority to investigate, correct, or address the safety issues.

43. Defendants knew or perceived that Plaintiff had engaged in protected safety activity.

44. After the protected activity, Plaintiff was investigated and placed on administrative leave. - MTA staff - HR Rep (Brittany Hisner)

45. Plaintiff lost or suffered a reduction in work, wages, hours, compensation, and employment opportunities as a result of the challenged actions.

46. Defendants accused Plaintiff of policy and safety violations arising from the same incident or investigation. - MTA personnel also DTO staff - Anthony Jones - Supervisor Brittany Hisner - HR

47. Plaintiff disputes Defendants' characterization of the evidence and alleges that the cited reasons were false, exaggerated, selectively enforced, pretextual, or otherwise used as retaliation for protected activity.

48. Plaintiff alleges that the investigation and disciplinary process departed from a fair and neutral assessment of her conduct and was influenced by her protected reporting.

49. On or about June 11-12, 2025, Plaintiff's employment was terminated.

50. Plaintiff alleges that her protected NTSSA activity was a contributing factor in the investigation, administrative leave, loss of compensation, discipline, and termination.

51. Plaintiff further alleges that the temporal relationship between her protected reports and the adverse actions, together with Defendants' treatment of the safety incident and subsequent disciplinary process, constitutes direct and circumstantial evidence of retaliation.

52. Defendants contend that the adverse actions were based on independent policy or safety violations. Plaintiff denies that Defendants would have taken all of the same unfavorable personnel actions absent her protected conduct.

**IX. COUNT I - NTSSA WHISTLEBLOWER RETALIATION**

**6 U.S.C. § 1142(a) and (b)**

53. Plaintiff incorporates Paragraphs 1 through 51 as if fully restated.

54. Plaintiff engaged in lawful, good-faith activity protected by 6 U.S.C. § 1142, including reporting hazardous safety or security conditions and providing safety-related information to persons with supervisory or corrective authority.

55. Defendants knew, perceived, or reasonably should have known that Plaintiff engaged in the protected activity.

56. Defendants subjected Plaintiff to unfavorable personnel actions, including investigation, administrative leave, loss or reduction of work and compensation, discipline, and termination.

57. Plaintiff's protected activity was a contributing factor in one or more of the unfavorable personnel actions.

58. Under 6 U.S.C. § 1142(c) and the governing DOL burden-of-proof provisions incorporated through 29 C.F.R. Part 1982, Plaintiff may prevail by demonstrating that protected activity was a contributing factor in the unfavorable personnel action, after which Defendants bear the applicable clear-and-convincing-evidence burden to establish that the same action would have been taken absent the protected activity.

59. Defendants cannot establish by clear and convincing evidence that all of the challenged unfavorable personnel actions would have occurred in the absence of Plaintiff's protected activity.

60. As a direct and proximate result of the retaliation, Plaintiff suffered lost wages, lost overtime, lost raises, lost benefits, loss of seniority and retirement-related value, emotional distress, reputational and career harm, and other consequential damages.

**X. RELIEF AUTHORIZED BY THE NTSSA**

61. Under 6 U.S.C. § 1142(d), a prevailing employee is entitled to all relief necessary to make the employee whole.

62. 29 C.F.R. § 1982.114(b) likewise provides for make-whole relief in a federal de novo action, including appropriate reinstatement or front pay, back pay with interest, compensatory damages, special damages, litigation costs, expert-witness fees, reasonable attorney fees where applicable, and punitive damages up to $250,000.

63. Plaintiff seeks all relief available under the statute and regulation based on the evidence proved at trial.

**XI. PRAYER FOR RELIEF**

64. Assume jurisdiction over this original action for de novo review under 6 U.S.C. § 1142(c)(7);
65. Enter judgment declaring that Defendants violated the NTSSA by retaliating against Plaintiff for protected public-transit safety or security activity;
66. Award back pay, front Pay lost wages, lost overtime, missed raises, prejudgment interest, and other compensation proved at trial;
67. Award the value of lost employment benefits, including insurance, seniority, retirement/pension-related value, and other benefits proved at trial;
68. Order reinstatement with appropriate seniority or, if reinstatement is not appropriate, award lawful front-pay or equivalent equitable make-whole relief;
69. Award compensatory and special damages authorized by 6 U.S.C. § 1142(d);
70. Award punitive damages to the extent authorized by 6 U.S.C. § 1142(d), not exceeding the statutory maximum;
71. Order appropriate correction or expungement of retaliatory employment records to the extent authorized by law;
72. **Award litigation costs, expert-witness fees, and attorney fees if recoverable;**
73. Award post-judgment interest and all other relief necessary to make Plaintiff whole;
74. If Plaintiff's Application to Proceed Without Prepaying Fees or Costs is granted, direct service of process in accordance with 28 U.S.C. § 1915(d), Federal Rule of Civil Procedure 4(c)(3), and the Court's procedures; and
75. Grant such other legal or equitable relief as the Court deems just and proper.

**XII. JURY DEMAND**

76. Plaintiff demands trial by jury on all issues triable to a jury. 6 U.S.C. § 1142(c)(7) and 29 C.F.R. § 1982.114(a) expressly authorize a jury trial at the request of either party. Plaintiff also invokes Federal Rule of Civil Procedure 38.

**XIII. NOTICE REGARDING THE IN FORMA PAUPERIS APPLICATION AND SERVICE**

77. Plaintiff is contemporaneously submitting an Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff respectfully requests that, if the application is granted, the Court direct issuance and service of process in accordance with 28 U.S.C. § 1915(d), Federal Rule of Civil Procedure 4(c)(3), and Local Rule 4.01(c). Plaintiff understands that summons forms and any USM-285 forms required by the Clerk must be completed as directed after the Court acts on the IFP application.

Respectfully submitted,

**CANDICE D. MCEWEN, Plaintiff Pro Se**

8476 Beautiful Valley Drive

Nashville, Tennessee 37221

Telephone: (313) 720-1141

Email: rebuilding84@gmail.com

Date: August 31, 2026

## AUTHORITIES EXPRESSLY RELIED UPON

1. **6 U.S.C. § 1142(a)-(b)** — Substantive NTSSA employee-protection provisions governing retaliation for protected public-transportation safety/security activity, including reporting hazardous safety or security conditions.
2. **6 U.S.C. § 1142(c)(7)** — Express authority for an ORIGINAL ACTION for DE NOVO REVIEW in federal district court after 210 days without a final Secretary of Labor decision, when the delay is not due to the employee's bad faith; also authorizes jury trial and jurisdiction without regard to amount in controversy.
3. **6 U.S.C. § 1142(d)** — Make-whole remedies and damages.
4. **29 C.F.R. § 1982.102** — Department of Labor regulation describing protected activity and prohibited retaliation under the NTSSA.
5. **29 C.F.R. § 1982.114(a)-(c)** — Federal de novo jurisdiction after 210 days; jury trial; remedies; and the requirement to provide the file-stamped federal complaint to the appropriate DOL/OALJ recipients within seven days after federal filing.
6. **28 U.S.C. § 1331** — Additional federal-question jurisdiction.
7. **28 U.S.C. § 1391(b)(1)-(2)** — Venue in the district where defendants reside and/or where a substantial part of the events or omissions occurred.
8. **28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3)** — Issuance and service of process when the Court authorizes Plaintiff to proceed in forma pauperis.
9. **Fed. R. Civ. P. 8(d)(2)-(3)** — Alternative and inconsistent pleading permitted where the precise legal relationship among defendants is disputed.
10. **Fed. R. Civ. P. 38** — Jury demand.

## CERTIFICATE OF SERVICE AND NTSSA FEDERAL-FILING NOTICE

**(TO BE SIGNED ONLY AFTER THE FEDERAL COMPLAINT IS FILE-STAMPED AND SERVICE IS MADE)**

Certificate of Service and NTSSA Federal Filing Notice:

Pursuant to 29 C.F.R. § 1982.114(c), within seven (7) days after filing this federal Complaint, Plaintiff must file or serve a copy of the file-stamped Complaint on the Department of Labor recipients identified by the regulation. This page should not be signed until those acts have actually been completed.

I hereby certify that on August 31, 2026, after the United States District Court filed and stamped the foregoing Complaint, I provided a true and correct copy of the file-stamped Complaint as required by 29 C.F.R. § 1982.114(c) to the following, as applicable:

1. The Administrative Law Judge or Office of Administrative Law Judges where OALJ Case No. 2025-NTS-00008 is pending;
2. The OSHA official who issued the findings and/or preliminary order in OSHA Case No. 301053392;
3. The Assistant Secretary for Occupational Safety and Health; and
4. The Associate Solicitor, Division of Fair Labor Standards, U.S. Department of Labor.

Method(s) of service: email and UMS-offical service

Additional service on Respondents/counsel, if made: michael powers @ powers@mcmahonberger.com

[signature]

**CANDICE D. MCEWEN, Plaintiff Pro Se**

8476 Beautiful Valley Drive

Nashville, Tennessee 37221

Telephone: (313) 720-1141

Email: rebuilding84@gmail.com

Date: August 28, 2026

**INITIAL SUMMONS/SERVICE NOTE**

The filing of this Complaint does not itself constitute completed Rule 4 service on Defendants. If the Court grants Plaintiff leave to proceed in forma pauperis, Plaintiff requests service through the process directed by the Court under 28 U.S.C. § 1915(d), Federal Rule of Civil Procedure 4(c)(3), and Local Rule 4.01(c). Plaintiff should not certify that Defendants were served until service has actually occurred.

Email All: OALJ-Swank
DOL
MTA > Attorney
DTO
OSHA -

Sending by email 8/31/2026 To All:

1. ~~OALJ~~ 8/31/26 Michael S. Powers
powers@mcmahonberger.com

2. Rita Turner Roberts - rita.roberts-turner@kleinpllc.com

~~2. Division of Fair labor Standards (CM) 8/31/26~~
~~U.S. Department of Labor (CM) 8/31/26~~
~~200 Constitution Ave. (CM) 8/31/26~~

2. Email Judge assigned OALJ
Judge-Drew A Swank oalj-pittsburgh@dol.gov

3. OSHA-BHM-WB@DOL.gov - OSHA Office Birmingham

4. OSHA
whistleblower director - electronic - regular email
Department of labor
200 Constitution Ave NW
Washington DC 20210